

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00128-CR

**ROY WAYNE GLENN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2016-1796-C1**

## MEMORANDUM OPINION

In a trial before the jury, Roy Wayne Glenn was convicted of two counts of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(1); (2)(B) (West 2011). He was sentenced to life in prison for each count. The sentences were ordered to run consecutively.

Glenn's appellate attorney filed a motion to withdraw and an *Anders* brief in support of the motion to withdraw, asserting that the appeal presents no issues of arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Counsel advised Glenn that counsel had filed the motion and brief pursuant to *Anders* and provided Glenn a copy of the record, advised Glenn of his right to review the record, and advised Glenn of his right to submit a response on his own behalf. Glenn submitted a response. Although the State had the opportunity to file a response to Glenn's response and counsel's brief, it did not file a response.

Counsel asserts in the *Anders* brief that counsel has made a thorough review of the entire record, including voir dire, the evidentiary rulings that were made, the sufficiency of the evidence to support the conviction, the charge, the punishment phase of the trial, the trial court's written judgment, and Glenn's ability to hear the proceedings. After the review, counsel concludes there is no non-frivolous issue to raise in this appeal. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In his response to counsel's *Anders* brief, Glenn challenges the sufficiency of the evidence by disputing the State's evidence as presented and advancing another theory regarding why his DNA was found on the victim and asserts that the trial court, court reporter, and DNA analyst made various fundamental errors during the trial and afterward. The record does not support Glenn's challenge or assertions.

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty

to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed the entire record, the *Anders* brief, and Glenn's response, we have determined that this appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's Judgment of Conviction by Jury (Count One) signed on April 5, 2017 and Judgment of Conviction by Jury (Count Two) signed on April 5, 2017.

Should Glenn wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. No substitute counsel will be appointed. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration has been overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P.

68.4.  *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from representation of Glenn is granted, and counsel is discharged from representing Glenn.  Notwithstanding counsel's discharge, counsel must send Glenn a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4.  TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed August 1, 2018
Do not publish
[CRPM]

